COMMONWEALTH *vs.* ALVIN MITCHELL.

Hampden. March 7, 1966. — March 31, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Search and Seizure. Constitutional Law,* Search and seizure. *Narcotic Drugs. Evidence,* Presumptions and burden of proof, Illegally obtained material. *Practice, Criminal,* Exceptions: renewal of exception, whether error harmful; New trial. *Error,* Whether error harmful.

G. L. c. 94, § 213, as amended through St. 1958, c. 181, respecting issuance of search warrants in certain narcotics cases, must be read with the general search warrant provisions of G. L. c. 276, §§ 1, 2, 2A, 2B, and 2C, as amended or inserted by St. 1964, c. 557, §§ 1–3. [461–462]

A written application by a police lieutenant for a search warrant for illegal narcotic drugs did not "contain the facts, information, and circumstances upon which" the lieutenant relied "to establish sufficient grounds for the issuance of the warrant," and was inadequate under G. L. c. 276, § 2B, and under decisions of the Supreme Court of the United States, where the application merely recited that the applicant "has reason to believe that . . . [the] drugs . . . are kept" by a named person in a certain apartment. [462–463]

G. L. c. 276, § 2B, requires that at least a written summary of the facts relied upon to establish sufficient grounds for the issuance of a search warrant be included or referred to in the application for the warrant and filed with the person issuing it. [463–464]

On a motion by the defendant in a criminal case to suppress evidence as illegally obtained, the burden is on the defendant to establish the illegality. [464]

Where the facts shown at the hearing in a criminal case of a motion to suppress certain articles seized pursuant to a search warrant established that no affidavit had been filed with the person issuing the warrant adequate to justify its issuance under G. L. c. 276, § 2B, the warrant was not lawfully issued, the search pursuant thereto was illegal, and the articles seized should have been suppressed. [464]

Where the defendant in a criminal case filed a motion prior to trial to suppress alleged illegally obtained evidence and excepted to the denial of the motion, there was no need for him to save an additional exception when the evidence was offered and admitted at the trial. [464]

At the trial together of two criminal cases, the admission in evidence of illegally seized articles of significance in relation to both cases was prejudicial error requiring the reversal of convictions of the defendant in both, and there must be a new trial in both, although the defendant could have been convicted in one case without use of the illegally seized articles. [464–465]

INDICTMENTS found and returned in the Superior Court on January 6, 1965.

A motion to suppress evidence was heard by *Spring*, J., and the indictments were tried before him.

*Frank M. Doyle* for the defendant.

*Matthew J. Ryan, Jr.*, District Attorney (*Leonard E. Gibbons*, Assistant District Attorney, with him), for the Commonwealth.

CUTTER, J. Mitchell was found guilty, under two indictments, of (1) the unlawful possession of marijuana, and (2) conspiracy to violate the narcotic drugs law. See G. L. c. 94, §§ 197–217D, as amended. Other indictments returned are not now before us. Mitchell appealed. The cases are here under G. L. c. 278, §§ 33A–33G, as amended.

Prior to trial Mitchell[1] moved to suppress certain evidence seized pursuant to a search warrant by a search which he claimed was "an unreasonable search and seizure not incident to a valid arrest." The motion was denied, subject to Mitchell's exception. At the trial certain items, seized by use of the warrant, including narcotics, hypodermic needles, eye droppers, and bottles, were received in evidence. Chemical analyses of items thus seized were also received.

Search warrants may be issued in certain narcotics cases in accordance with G. L. c. 94, § 213, as amended through St. 1958, c. 181.[2] This provision must be read with G. L. c. 276, §§ 1, 2, 2A, 2B, and 2C,[3] as amended or inserted by

---

[1] Although a separate motion was not filed in each case, the docket in the possession case indicates that the motion to suppress filed in the conspiracy case was treated as applying to both cases.

[2] Section 213, as thus amended, reads, "If a person makes a complaint under oath to a district court . . . that he has reason to believe that any narcotic drug, article, implement or other paraphernalia used in, for, or in connection with the unlawful possession or use of any narcotic drug, is kept . . . by a person named therein in . . . any place whatever, such person not being authorized by the narcotic drugs law to possess the same, such court . . . if it appears that there is probable cause to believe that said complaint is true, shall issue a search warrant to a . . . police officer . . . commanding him to search such premises, and if any [such] narcotic drugs, articles, implements or other paraphernalia . . . are found therein to seize . . . the same . . . and to arrest the person in possession thereof, together with all persons present, and to return forthwith the warrant with his doings thereon, to a district court having jurisdiction . . . ."

[3] Section 1, as amended in 1964, authorizes search warrants to be issued in specified cases, but provides that the section shall not limit the search powers granted under other statutes or by the common law. Section 2, as amended, provides (a) that warrants shall make specific designations concerning the place to be searched and the items for which search is to be made, and (b) that they shall be in substantially the form set out by § 2A. Section 2A sets out a form which recites, "Proof by affidavit having been made this day before (name of person authorized to issue warrant) by (names of person or persons whose affidavits have been taken) that there is probable cause for believing that (. . . certain property is intended for use or has been used as the means of committing a crime; . . . [or] is unlawfully possessed or kept or concealed for an unlawful purpose)." Then follows the authorization of the search. Section 2B reads in part, "A person seeking a search warrant shall appear personally before a court . . . authorized to issue search warrants in criminal cases and shall give an affidavit in substantially the form hereinafter prescribed. Such affidavit shall contain the facts, information, and circumstances upon which such person relies to establish sufficient grounds for the issuance of the warrant. The person issuing the warrant shall retain the affidavit and shall deliver it within three days after the issuance of the warrant to the court to which the warrant is returnable. . . . The affidavit in

Commonwealth *v.* Mitchell.

St. 1964, c. 557, §§ 1–3, effective June 23, 1964, by reason of
an emergency declaration by the Governor. Section 2C
provides that warrants issued pursuant to c. 94, § 213,
"shall be issued in the manner provided in" §§ 2, 2A, and
2B, "so far as they are applicable." The search in the
present case took place on November 6, 1964.

At the hearing of the motion to suppress evidence, the
application for the warrant was introduced. In form it
differed materially[4] from that prescribed by § 2B of the
1964 statute (see fn. 3). The application was inadequate
under § 2B, at least because it did not "contain the facts,
information, and circumstances upon which" Lieutenant
Meffen relied "to establish sufficient grounds for the issu-
ance of the warrant." There was a complete failure to
describe (a) the source of Lieutenant Meffen's information,
(b) any facts indicating the reliability of that source, and
(c) the nature of the information upon which Lieutenant
Meffen was acting.

Not only the 1964 statute (*Commonwealth* v. *Dias,*
349 Mass. 583, 584) but decisions of the Supreme Court of
the United States make it plain that applications for war-

support of the application . . . shall be in substantially the following form: ·
. . . I, (name of applicant) being duly sworn, depose and say: 1. I am
(describe position, assignment, office, etc.). 2. I have information, based
upon (describe source, facts indicating reliability of source and nature of
information; if based on personal knowledge and belief, so state). 3. Based
upon the foregoing reliable information (and upon my personal knowledge)
there is probable cause to believe that the property hereinafter described (has
been stolen, or is being concealed, etc.) and may be found (in the possession
of A.B. or any other person) at premises (identify). 4. The property for
which I seek the issuance of a search warrant is the following: (here describe
the property as particularly as possible). *Wherefore,* I . . . request that the
court issue a warrant and order of seizure, authorizing the search of (identify
premises and the persons to be searched) and directing that . . . such prop-
erty or evidence . . . be seized . . . ." A form of jurat is appended.

[4] The application read in part, "To the District Court of Springfield . . .:
Robert A. Meffen . . . in behalf of the Commonwealth . . . on oath complains
that he has reason to believe that certain narcotic drugs, articles, implements
and other paraphernalia used . . . in connection with the unlawful possession
and use of narcotic drugs are kept . . . by one Alvin Mitchell . . . in a cer-
tain apartment . . . No. 49A in a four story brick apartment building . . .
numbered 52 on . . . High Street in . . . Springfield, such person not being
authorized by the Narcotic Drugs Law . . . to possess the same and prays a
[w]arrant to search . . . for the same." The complaint was sworn to before
the clerk of the District Court of Springfield.

rants must be far more informative than the sworn complaint upon which was issued the warrant to search Mitchell's premises. *Aguilar* v. *Texas,* 378 U. S. 108, 115–116. See *Ker* v. *California,* 374 U. S. 23, 33. Cf. *United States* v. *Ventresca,* 380 U. S. 102, 108–112. These decisions (and others collected in *Rosencranz* v. *United States,* 356 F. 2d 310 [1st Cir.], which, however, analyzes some questions concerning warrant applications not now before us) deal with the application to the States, under the Fourteenth Amendment of the Constitution of the United States, of the Fourth Amendment's proscription of unreasonable searches and seizures. We have recently discussed the necessity of preparing and filing adequate applications for search warrants. *Commonwealth* v. *Rossetti,* 349 Mass. 626, 630–633.

The complaint (which was the application for the warrant in the present case) was inadequate read by itself. Prior, however, to making the complaint and application for a search warrant, Lieutenant Meffen had in his possession, or available to him, statements by one Cathryn Spencer, one James R. Spencer, and one Edward Lee Parsons. These statements, or some of them, provided information that Mitchell had sold to one or more of them small amounts of heroin at his apartment. We assume that the requirements of the 1964 statute could easily have been met if this information had been set out or summarized in an affidavit or affidavits forming part of, or annexed to, the application for a warrant. Lieutenant Meffen testified, however, that the warrant was issued to him by the clerk "[j]ust by verbal [*sic*] complaint" without the filing of any preliminary affidavit. Whether Lieutenant Meffen actually exhibited to the clerk the written statements signed by James and Cathryn Spencer and Parsons is not altogether clear from his testimony. He indicated, however, that he gave to the clerk certain of the information obtained from them. Even that would not satisfy the statutory requirement of an affidavit unless the Spencers' and Parsons' statements were at least incorporated by reference in the sworn complaint or in an affidavit. The statute (§ 2B, fn. 3) contemplates

that the "person issuing the warrant shall retain the affidavit and shall deliver it within three days after the issuance of the warrant to the court to which the warrant is returnable." We construe this as requiring that at least a written summary of the facts relied upon in the application for the warrant be included or referred to in the application and filed with the issuing officer. It does not appear that the written statements were summarized or referred to in the sworn complaint or that the statements or copies of them were left with the clerk or delivered to the court thereafter.

The motion to suppress did not very clearly identify "the physical evidence" sought to be suppressed. Nevertheless, at the hearing of the motion, these items were sufficiently identified by the introduction of the search warrant and related papers.

We recognize, of course, that Mitchell had the burden of proving facts showing that the evidence which he sought to suppress had been illegally obtained. *Commonwealth* v. *Fancy,* 349 Mass. 196, 202–203. The facts shown at the hearing on the motion, however, establish that no affidavit had been filed adequate to justify the issuance of the search warrant. Because the warrant was not lawfully issued, the search was thus an illegal search. The evidence seized by use of the warrant should have been suppressed.[5]

At the trial, the seized narcotics, materials, and instruments were received in evidence. There was no occasion for saving any additional exception when this evidence was offered. Mitchell's counsel could rely upon the earlier exception to the denial of the motion to suppress. *Commonwealth* v. *Jacobs,* 346 Mass. 300, 310–311.

The evidence was obviously of significance in relation

[5] Doubtless the difficulty encountered in the prosecution of this case was because of lack of familiarity on the part of the clerk and the police with the requirements of the then newly enacted 1964 statute (fn. 3) and with the *Aguilar* case, 378 U. S. 108, decided June 15, 1964. The *Rossetti* case, 349 Mass. 626, had not then been decided. Similar difficulties can be avoided in the future by careful compliance with the 1964 statutory requirements, read in the light of the *Aguilar* and *Rossetti* cases.

both to the conspiracy indictment and to the unlawful possession indictment, which were tried together. Although the testimony of the Spencers was sufficient to prove at least the conspiracy charge without use of the illegally seized items, there must be a new trial. The admission in evidence of the illegally seized items was prejudicial and requires the reversal of the judgment on both indictments.[6]

*Judgments reversed.*

---

[6] Mitchell also saved an exception to the denial of his motion for a bill of particulars specifying to which of the numerous sections of the narcotic drugs law (G. L. c. 94, §§ 197–217D) the conspiracy indictment related. Upon a new trial Mitchell will hardly be in doubt about the nature of the charge. It would have been, however, an appropriate exercise of the trial judge's discretion to require such a specification.