*David Burres* for the defendants.

COMMONWEALTH *vs.* HAROLD F. DALY (and four companion cases [1].) February 4, 1971. These five cases are before us on bills of exceptions brought by the defendants following their convictions on various gaming charges under G. L. c. 271, § 17. A number of items were seized at the time of their arrest at a gasoline station in Pittsfield pursuant to a search warrant. Each defendant made motions to suppress the evidence seized under the warrant on the ground that the warrant was invalid. The motions were denied subject to the defendants' exceptions. The defendants contend that the search warrant was too general on its face because it authorized the police to search for "any lottery, policy or pool tickets, slips, checks, manifold books or sheets, memoranda of any bet, or other implements, apparatus or materials of any form of gaming . . ." and that the application for the search warrant was invalid for this reason also. This point was decided against the defendants in *Commonwealth* v. *Mele*, *ante*, 225, 229. The defendants next argue that the affidavit for the search warrant was insufficient to justify its issuance because it fails to set forth a sufficient basis for probable cause. Affidavits for warrants are to be interpreted in a "commonsense manner" rather than in a "hypertechnical" way. *United States* v. *Ventresca*, 380 U. S. 102, 109. "We deal with the affidavits in their entirety and draw inferences therefrom." *Commonwealth* v. *Moran*, 353 Mass. 166, 170. Besides the assertions of the officer on the affidavit and application for the search warrant there was a reference to "attached reports." We are of opinion that the affidavit considered apart from the reports was insufficient. These reports, however, included one by the officer himself dated the day before the application. We believe that this report was properly part of the officer's affidavit and was sufficient to justify the issuance of a search warrant. See *Commonwealth* v. *Mitchell*, 350 Mass. 459, 463–464. The defendants' argument that the return of service on the back of the warrant did not properly identify the items seized

[1] Of the four companion cases one is against Harold F. Daly, two are against Daniel F. DeSantis, and one is against Omer Charland.

with particularity is without merit. The defendants argue also that the failure of the police to advise them of their rights to remain silent and to consult with an attorney violated the precepts of *Escobedo* v. *Illinois*, 378 U. S. 478. While this may be true, that case was decided after the cases in bar had been tried in the District Court, and thus that decision does not apply. *Johnson* v. *New Jersey*, 384 U. S. 719, 733. *Commonwealth* v. *Mele*, *supra*, 225, 228. *Jenkins* v. *Delaware*, 395 U. S. 213, 221–222. The defendants make certain other contentions designated "[m]iscellaneous [i]ssues." These do not merit discussion. Moreover, these contentions are not supported by anything that can fairly be called argument.

*Exceptions overruled.*

*W. Stanley Cooke* for the defendants.
*William R. Flynn,* Assistant District Attorney, for the Commonwealth.