COMMONWEALTH *vs.* ALI M. SALEH.

Hampden.    September 12, 1985. — December 17, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Search and Seizure,* Affidavit, Probable cause. *Probable Cause. Constitutional Law,* Search and seizure.

Two affidavits submitted to a magistrate in connection with a police application for a warrant to search a certain apartment could properly be considered together for purposes of satisfying the tests for probable cause articulated by this court in *Commonwealth* v. *Upton,* 394 Mass. 363 (1985), and, when so considered, were sufficient to support the magistrate's determination of probable cause to believe that a criminal defendant was engaged in the illegal distribution of drugs and that a quantity of drugs would be found in his apartment where, in one affidavit, a Federal drug enforcement agent set forth information from a reliable informant to the effect that the defendant was engaged with the informant in distributing drugs and, in the other affidavit, a municipal police officer stated that prior to receipt of the informant's tip and while present in the apartment to execute an unrelated arrest warrant, he had observed there a plastic bag containing capsules and a quantity of a substance which appeared to be hashish. [410-412]

INDICTMENTS found and returned in the Superior Court Department on September 16, 1982.

A pretrial motion to suppress evidence was heard by *John F. Murphy, Jr., J.*

The Commonwealth's application for an interlocutory appeal was allowed by *Liacos, J.,* in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him.

*William T. Walsh,* Assistant District Attorney, for the Commonwealth.

*George M. Nassar* for the defendant.

ABRAMS, J. Pursuant to Mass. R. Crim. P. 15 (b) (2),[1] the Commonwealth appeals from an order granting the defendant's

[1] Massachusetts Rule of Criminal Procedure 15 (b) (2), 378 Mass. 884 (1979), reads in pertinent part as follows: "A defendant or the Common-

motion to suppress. The Commonwealth asserts that the affidavits in support of the warrant to search the defendant's apartment establish probable cause under the "two-pronged test" of *Spinelli* v. *United States,* 393 U.S. 410 (1969), and *Aguilar* v. *Texas,* 378 U.S. 108 (1964). See *Commonwealth* v. *Upton,* 394 Mass. 363 (1985). We agree with the Commonwealth. We reverse the order of suppression and remand this matter to the Superior Court for trial.

The search warrant was issued on the basis of two affidavits. The first affidavit was submitted by an officer of the Springfield police department and stated, in part, "Today, August 11, 1982 at about 10:30 A.M. I [was] assigned by Capt. Thomas Fitzgerald of the Springfield Police Department Crime Prevention Bureau, to assist Inspector William Bushka of the Federal Bureau of Investigation, and Sgt. Gil Bello of the Ludlow Police Department along with Lt. Richard Duffy of the Springfield Police Crime Prevention Bureau, in executing an arrest based on a warrant obtained by Sgt. Bello. The warrant named Ali Saleh 29 years old, D.O.B. 11/10/53 of Apt. 2404 at 10 Chestnut St. Springfield.

"At about 10:40 A.M. I assisted the above officers to Apt. 2404 at 10 Chestnut St. and we knocked on the door there. Ali Saleh responded to the door and we identified ourselves and explained to Ali Saleh that we had an arrest warrant for him charging that he received stolen property, a motor vehicle. Ali Saleh was dressed only in his underwear at the time and he stated that he wanted to get dressed. I followed Saleh into a middle bedroom and I observed a plastic bag on the shelf in the closet that was open. The bag contained black capsules and a brown substance which appeared to be hashish. I confiscated the plastic bag at that time and Sgt. Gil Bello advised

wealth shall have the right and opportunity to apply to a single justice of the Supreme Judicial Court for leave to appeal a decision, order, or judgment determining a motion to suppress evidence prior to trial. If the single justice determines that the administration of justice would be facilitated, he may grant that leave and . . . may report it to the full Supreme Judicial Court or to the Appeals Court." A single justice of this court reserved and reported this matter.

Saleh of his Miranda warning at that time. Ali Saleh acknowledged that he understood his rights and stated that the contents in the bag were for his own use. . . .

"On the basis of the foregoing information, . . . I have probable cause to believe that [there] is a quantity of narcotics in the apartment, other [than] what I have already found and seized, therefore on the basis of the foregoing information, I believe that I have probable cause to search Apt. 2404 located at 10 Chestnut St., for illegal drugs and paraphernalia which I believe to be located there. (Hashish, cocaine and monies and bankbooks)".

The record reveals that the officer originally submitted only his own affidavit. Commendably, the magistrate refused to issue the warrant because the affidavit was insufficient to support a finding of probable cause. The officer then called an agent from the Federal Drug Enforcement Agency (DEA), who prepared a second affidavit.[2] The DEA agent's affidavit stated in part: "I have a reliable informant known as CI-1, who has negotiated with Ali Saleh for purchases of drugs in excess of $4000 [within] the last week. CI-1 states that he believes that Ali Saleh . . . stores the drugs he was going to buy at Saleh's apartment, 2404, in the Chestnut Towers. CI-1 has been working for me for over six months as a cooperating individual and is responsible for three arrests and federal indictments at the present time, CI-1's information has been true and accurate in the past. I also have another source of information CI-2 who has provided reliable information in the past that Ali Saleh deals hashish and cocaine out of Apt. 2404 in the Chestnut Towers, Springfield." With the addition of the second affidavit, the magistrate issued a search warrant. The search yielded various amounts of marijuana, hashish, cocaine, and heroin. The defendant was indicted for possession of controlled substances with intent to distribute.[3]

---

[2] This signed statement was attached to and incorporated by express reference into the police affidavit. We refer to it as the second affidavit.

[3] Only these five drug indictments are before us on this appeal.

The defendant filed a motion to suppress the evidence seized pursuant to the search warrant, alleging no probable cause.[4] In ruling on the motion, the judge applied the traditional "two-pronged test" of *Spinelli* v. *United States,* 393 U.S. 410 (1969), and *Aguilar* v. *Texas,* 378 U.S. 108 (1964). The judge assumed that the second affidavit established the reliability of the two informants, thus satisfying the first or "reliability" prong of the *Aguilar-Spinelli* test. He also found, however, that the affidavit failed the second, or "basis of knowledge" part of the test because it did not show how the informants obtained the information that the defendant stored drugs in the apartment. The judge further found that the discovery of a package of hashish was insufficient to establish probable cause for the issuance of the search warrant. The judge therefore granted the motion to suppress. The Commonwealth appealed, and the single justice reported the case to the full bench.

We have recently reviewed the general rules governing search warrants. See *Commonwealth* v. *Upton,* 394 Mass. 363 (1985). In *Upton,* we held that, under art. 14 of the Massachusetts Declaration of Rights,[5] the test for determining probable cause in cases involving unnamed informants incorporates the principles developed under *Spinelli* v. *United States,* 393 U.S. 410 (1969), and *Aguilar* v. *Texas,* 378 U.S. 108 (1964). Thus, to establish probable cause, an affidavit based on information from an unnamed informant must provide the

---

[4] The defendant also filed a motion to suppress the evidence found during the course of his arrest, prior to the issuance of the search warrant. The record does not disclose any attempt by the defendant to seek interlocutory relief from the denial of his motion to suppress the drugs found during this original entry into his home. See Mass. R. Crim. P. 15 (b) (2). That issue therefore is not before us.

[5] Article 14 provides: "Every subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions. All warrants, therefore, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and if the order in the warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons, or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or seizure: and no warrant ought to be issued but in cases, and with the formalities prescribed by the laws."

magistrate with facts showing some of the underlying circumstances leading to the informant's knowledge, as well as his reliability. *Commonwealth* v. *Upton, supra* at 375. See *Aguilar* v. *Texas, supra* at 114. If the informant's tip fails to satisfy one of these portions of the *Aguilar* test, independent corroboration in the affidavit may supplement the informant's tip to support a finding of probable cause. *Commonwealth* v. *Upton, supra*. See *Spinelli* v. *United States, supra* at 415. Nevertheless, "[e]ach prong of the *Aguilar-Spinelli* test — the basis of knowledge and the veracity of the informant — presents an independently important consideration." *Commonwealth* v. *Upton, supra* at 375-376.

We turn now to the two affidavits and consider them together. See *Commonwealth* v. *Daly,* 358 Mass. 818 (1971); *United States* v. *Dudek,* 560 F.2d 1288, 1293 (6th Cir. 1977), cert. denied, 434 U.S. 1037 (1978). Each affidavit contributes to the total picture from which the magistrate determines probable cause. *Commonwealth* v. *Kaufman,* 381 Mass. 301, 303 (1980). The DEA agent's affidavit reports a tip from an informant designated "CI-1" who "has been working for me for over six months as a cooperating individual and is responsible for three arrests and federal indictments at the present time [and his] information has been true and accurate in the past." This record of prior police cooperation is sufficient to establish the reliability of informant "CI-1."[6] *Commonwealth* v. *Hall,* 366 Mass. 790, 797 (1975).

---

[6] The DEA agent's affidavit also reported a tip from a second informant designated "CI-2." The affidavit stated that the informant "has provided reliable information in the past that Ali Saleh deals hashish and cocaine out of Apt. 2404 in the Chestnut Towers, Springfield." This tip meets neither prong of the *Aguilar-Spinelli* test. The affidavit discloses no circumstances from which a magistrate could infer that the informant has provided reliable information in the past. *Commonwealth* v. *Kaufman, supra* at 302. Nor does the affidavit indicate the basis for the informant's belief that the defendant was dealing in drugs out of his apartment. This informant's tip provides no indication that his information is "something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Spinelli* v. *United States, supra* at 416. *Commonwealth* v. *Stevens,* 362 Mass. 24, 28 (1972). We therefore disregard this portion of the second affidavit in determining whether there was probable cause to issue the warrant.

The informant reportedly stated that he had negotiated with the defendant within the past week for purchases of drugs in excess of $4,000 and that he believed that the defendant was storing at his apartment the drugs the informant was going to buy. This information is sufficient to support an inference that, at the time of the issuance of the warrant, the defendant was distributing drugs. There is nothing in the affidavit from which the magistrate could determine that the items sought may reasonably be expected to be located in the place to be searched. *Commonwealth* v. *Cefalo,* 381 Mass. 319, 328 (1980), and cases cited. Thus, the informant's tip does not indicate the basis of knowledge for his belief that the defendant stored drugs in his apartment and, standing alone, is insufficient to establish probable cause to search the defendant's apartment under the *Aguilar-Spinelli* standards. However, that information is not standing alone in this case. Prior to the receipt by the Springfield police of the tip, the police found hashish at the defendant's apartment. In these circumstances, the issue is not really whether the informant's tip is sufficiently corroborated, but rather whether the independent police observation of criminal activity bridges the gap between the *Aguilar*-defective informant's tip and a finding of probable cause. See *State* v. *Gomez,* 101 Idaho 802, 807 (1980), cert. denied, 454 U.S. 963 (1981), citing 1 W. LaFave, Search and Seizure § 3.3(e), at 566-567 (1978). See also *United States* v. *McNally,* 473 F.2d 934, 939-940 (3d Cir. 1973), cert. denied, 417 U.S. 948 (1974). We believe that it does. "[T]he tip, even though not qualifying under *Aguilar,* may be used to give such additional color as is needed to elevate the information acquired by police observation above the floor required for probable cause." *United States* v. *Canieso,* 470 F.2d 1224, 1231 (2d Cir. 1972).

The affidavits read as a whole provide sufficient facts to justify the search warrant. The informant's tip and the police discovery each provided an element the other lacked to establish probable cause: the tip established probable cause to believe that the defendant was currently engaged with CI-1 in the criminal activity of drug distribution and the police discovery provided probable cause to believe that evidence of that crime

would be found in the defendant's apartment. See *Commonwealth* v. *Cefalo, supra*; *United States* v. *Melvin,* 596 F.2d 492, 496 (1st Cir.), cert. denied, 444 U.S. 837 (1979). Thus, the magistrate had before him information from two reliable sources: an informant of proven reliability and police officers. See *United States* v. *Ventresca,* 380 U.S. 102, 111 (1965). That information indicated that the defendant was currently selling drugs and that there were some drugs in the defendant's apartment. From those two circumstances, the magistrate reasonably could infer that the defendant had drugs in his apartment other than the drugs already found. See *Commonwealth* v. *Vynorius,* 369 Mass. 17, 23, 25 (1975); *Commonwealth* v. *Stewart,* 358 Mass. 747, 752 (1971).

Examining the entire application as a whole, *Commonwealth* v. *Stewart, supra* at 751, and applying a commonsense, nontechnical approach, United *States* v. *Ventresca,* 380 U.S. 102, 108-109 (1965), we conclude that the two affidavits furnish probable cause to search the apartment. The order granting the motion to suppress is reversed and the matter is remanded to the Superior Court for trial.

*So ordered.*