COMMONWEALTH vs. ROBERT S. JORDAN (No. 2).

Plymouth. January 7, 1986. — May 8, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Constitutional Law,* Search and seizure. *Search and Seizure,* Affidavit, Warrant, Probable cause.

An affidavit by a police officer describing certain items of contraband which he had observed in plain view "pursuant to the execution of" a certain search warrant, which had been issued approximately two hours earlier and which concerned unrelated matters, was sufficient, in the circumstances, to enable a magistrate of the same court that issued the initial warrant to draw reasonable inferences as to the time and place of the officer's observations and thus to issue a valid warrant for seizure of the contraband, even though the officer failed to state time and place in his affidavit or to attach a copy of the initial warrant thereto. [495-497]

INDICTMENTS found and returned in the Superior Court Department on November 2, 1982.

A pretrial motion to suppress evidence was heard by *William G. Young,* J.

An application for an interlocutory appeal was allowed by *Liacos,* J., in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*Michael W. Reilly* for the defendant.

*Robert P. Snell,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. On November 9, 1982, the defendant was indicted on three drug charges resulting from the seizure of drugs and related paraphernalia from his home subsequent to his arrest for unrelated offenses. See *Commonwealth* v. *Jordan (No. 1), ante* 489 (1986).

The defendant filed a motion to suppress the items seized, which was denied. A single justice of this court, pursuant to Mass. R. Crim. P. 15 (b) (2), 378 Mass. 882 (1979), granted the defendant's application for leave to appeal the denial of the motion to suppress and reported the matter to the Appeals Court. The appeal was consolidated with the defendant's appeal from his convictions for the unrelated offenses, and both appeals were transferred to this court on our own motion. We conclude that there was no error in the denial of the defendant's motion to suppress. We affirm.

We summarize the facts as set forth in the judge's memorandum and order. The motion to suppress resulted from the execution of two search warrants issued by the same clerk-magistrate on the same day, November 4, 1982, within approximately two hours of each other.[1] The first warrant (no. 9443), which is not at issue here, directed a search of the described premises (the defendant's home) for items used in the commission of the unrelated crimes. While executing this warrant, the police saw in plain view drugs, drug paraphernalia, and other contraband. The judge found it commendable that the police returned to the court to apply for a second search warrant (no. 9444) rather than seizing the items.

The affidavit accompanying the application for the second warrant designated and described the premises to be searched and specifically described the items which were the object of the search. G. L. c. 276, §§ 2, 2A, 2B (1984 ed.). Thus, it met both the statutory and constitutional particularity requirements. See *Commonwealth* v. *Sheppard,* 394 Mass. 381, 389-391 (1985).

The defendant challenges the affidavit because it fails to state the time and place where the observations of drugs were made.[2] The defendant contends that these deficiencies are fatal

---

[1] According to the returns on the warrants, the first one was executed at 12:30 P.M. and the second one was executed at 2:35 P.M.

[2] The affidavit, sworn to by a police officer in the town of Plymouth, stated in part: "Pursuant to the execution of Search Warrant Number 82-9443 I made the following observations[.] [B]ased upon my observations and training, I observed on the floor in the downstairs living room, a quantity

because the affidavit provides no nexus between the place of the affiant's observations and the location to be searched and no time frame to assess staleness.

While acknowledging that the affidavit was "substantially flawed," the judge noted that "[s]earch warrant no. 9443 pins down the place to be searched precisely and it may be presumed that the police officers were acting in accordance with the authority granted by the warrant." Additionally, he concluded that the time was ascertainable because the magistrate would know that the observation would have occurred in the two-hour interval between the issuance of the first warrant and the application for the second warrant. The judge expressly declined to rely on the fact that the issuing magistrate was the same person in both instances. He noted that the "peculiar experience and knowledge" of an issuing magistrate would not support the issuance of a warrant. *Commonwealth* v. *Taglieri,* 378 Mass. 196, 198-199, cert. denied, 444 U.S. 937 (1979). He reasoned that "any reasonable clerk-magistrate could take judicial notice of the district court's own papers," see P.J. Liacos, Massachusetts Evidence 19 (5th ed. 1981), and could draw reasonable inferences from the facts before him, see *Commonwealth* v. *Alessio,* 377 Mass. 76, 82 (1979). Thus, he concluded that the affiant's statement that he had observed the drugs "[p]ursuant to the execution of Search Warrant Number 82-9443" presented sufficient information to the issuing magistrate for him to draw reasonable inferences as to the time and place of the observations.

There is no question that the supporting affidavits of both search warrants (9443 and 9444), if viewed together, "contribute[d] to the total picture from which the magistrate determines probable cause." *Commonwealth* v. *Saleh,* 396 Mass. 406,

---

of white powdered crystal substance that was packaged in two clear plastic bags. There were several other empty plastic bags, along with a large amount of United States Currency, a plastic container with light gold coins and a baggie of herb material. I believe the white crystal powder to be Cocaine and the herb substance to be Marijuana. I also observed in plain view a triple beam scale in a red cloth bag in the storage room in the cellar.

"Based upon my observations and training, I have probable cause to believe that Robert S. Jordan is trafficking in Controlled Substances."

410 (1985). The issue is whether the incorporation by reference to the first search warrant without attachment is sufficient to establish probable cause. We conclude that in the circumstances of this case it is. The requirements for probable cause under G. L. c. 276, §§ 2A, 2B, are satisfied if the necessary information is "at least" incorporated by reference in the affidavit. *Commonwealth* v. *Mitchell,* 350 Mass. 459, 463-464 (1966). See also *Commonwealth* v. *Taglieri, supra* at 201 n.3. The information as to time and place was incorporated in the supporting affidavit for the second warrant by reference to the execution of warrant no. 9443. See 1 W. LaFave, Search and Seizure § 3.7(b), at 694 (1978). The supporting affidavit was available to the magistrate because of the statutory requirement (G. L. c. 276, § 2B) that the person issuing a warrant retain the supporting affidavit.[3] "It would be hypertechnical for the [magistrate] not to act upon an entire picture disclosed to him in interrelated affidavits presented to him on the same day." *United States* v. *Serao,* 367 F.2d 347, 350 (2d Cir. 1966), vacated on other grounds sub nom. *Piccioli* v. *United States,* 390 U.S. 202 (1968). We conclude that all documents filed with the first search warrant, as required by G. L. c. 276, § 2B, properly were before the magistrate in the application for the second warrant. Because the time and place of the observations could be determined by looking at the documents filed with warrant no. 9443, there was no error in denying the defendant's motion to suppress.[4]

The judge's order denying the motion to suppress is affirmed.

*So ordered.*

---

[3] General Laws c. 276, § 2B, states in relevant part: "The person issuing the warrant shall retain the affidavit and shall deliver it within three days after the issuance of the warrant to the court to which the warrant is returnable. Upon the return of said warrant, the affidavit shall be attached to it and shall be filed therewith . . . ."

[4] We note that the seizure may have been valid under the plain view doctrine. See *Commonwealth* v. *Lett,* 393 Mass. 141, 148 (1984). Because we conclude that the motion was correctly denied, we do not discuss the claim that the seizure was valid even without a warrant.