COMMONWEALTH *vs.* BARBARA CROWLEY PEGUERO. No. 87-1192. June 1, 1988. *Search and Seizure,* Affidavit, Probable cause. *Probable Cause. Constitutional Law,* Search and seizure, Probable cause.

Barbara Crowley Peguero was convicted of trafficking in more than 100 grams of cocaine (G. L. c. 94C, § 32E[*b*][2]) and unlawful possession of a firearm and ammunition (G. L. c. 269, § 10[*h*]).[1] Police officers seized the incriminating drugs, paraphernalia, account books, shotgun, and ammunition in the course of a search of the defendant's apartment which they

---

[1] The convictions for possession of a firearm and for possession of ammunition were filed without objection by the defendant.

conducted under authority of a search warrant. The primary ground of appeal is that the search warrant issued upon an affidavit which failed to articulate sufficient probable cause. There is a secondary point involving denial of a so-called *Franks* hearing at which the defendant might challenge the truth of the affidavit which underlay the search warrant. We do not consider a third issue raised by the defendant — that the search warrant was executed in an unreasonable manner — because it was not raised below.

1. *Sufficiency of the affidavit.* James B. Gray, a police detective, furnished the supporting affidavit. Investigation of the defendant had been stimulated by a tip from a first-time informer. The latter, during the preceding four weeks and within five days before the affidavit was made, at various times had been in the defendant's apartment on the second floor of 35 Irving Street, Winchester. During those visits the informer had observed the defendant and Ranfio Peguero talking to persons who had come to the apartment to buy cocaine. On at least one of those occasions the informer overheard Barbara Crowley and Ranfio Peguero explaining that in view of the unlimited supplies of cocaine to which they had access, they could offer better prices to purchasers of large quantities. In addition to what he heard, the informer saw weighing scales, single edge razor blades, sandwich bags cut at the corners, and a microwave oven not located in the kitchen, but next to a scale.

On the strength of this information, the police initiated surveillance of 35 Irving Street. That surveillance, conducted at various times of day, more often of evenings, disclosed a high volume of short term, "come and go" visits. Some of the callers were known to the police to be involved in drug traffic. Detective Gray named four such persons in his affidavit. Ranfio Peguero was known to the Boston police drug unit as a major distributor of cocaine; Barbara Crowley was known to be under investigation by the Federal Drug Enforcement Administration. From investigation in the neighborhood, Gray learned that since Peguero had moved into 35 Irving Street, there had been a marked increase in traffic on the street. Cars often parked for a brief time to discharge a passenger who would enter 35 Irving Street and soon return. The police noticed counter surveillance from 35 Irving Street, i.e., persons watching at windows and following unmarked police cars.

Whether the facts set forth in the affidavit added up to probable cause to support the search involves application of the familiar principles expressed in *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969), as further explicated in the context of a Massachusetts setting in *Commonwealth* v. *Upton*, 394 Mass. 363, 374-376 (1985). What the informer described contained such elements of suggestive detail as would provoke a person reasonably to apprehend that there would be drugs on the premises. So much could fairly be inferred from the reported conversations about wholesale-size transactions and the observations of drug impedimenta. See *Commonwealth* v. *Borges*, 395 Mass. 788, 789, 795 (1985); *Commonwealth* v. *DiStefano*, 22 Mass. App. Ct. 535, 540 (1986), and cases there

cited. Compared with *Borges* (report of eight bags of heroin in Leon's left pants pocket) and *DiStefano* (presence at a "buy" and description of procedure for arranging a drug transaction), the defendant argues the facts furnished by the informer here lack specificity; the informer witnessed no drug transactions.

For purposes of establishing probable cause, however, the actual presence of the informer while contraband changes hands is not an absolute requirement. See *Commonwealth* v. *Rosa*, 17 Mass. App. Ct. 495, 497, *S.C.*, 18 Mass. App. Ct. 247 (1984). Probable cause is satisfied with less than a smoking gun. Here, of course, the material which the informer had supplied was reinforced by the police investigation. See *Commonwealth* v. *Saleh*, 396 Mass. 406, 411-412 (1985); *Commonwealth* v. *DiStefano*, 22 Mass. App. Ct. at 540. Even were we to assume difficulty in finding a "basis of knowledge" in the informer's reports alone, as subsequently tested and confirmed by investigation, the reports support the conclusion that the unknown informer possessed information from which he could conclude that drugs were to be found at the defendant's apartment. *Commonwealth* v. *Upton*, 394 Mass. at 375. Concerning the reliability of the informer, the verification accomplished by the police in their own investigation was adequate to satisfy that element of the *Aguilar-Spinelli* criteria. See *Commonwealth* v. *Burt*, 393 Mass. 703, 711 (1985), and cases cited. The affidavit was sufficient to establish probable cause and was, therefore, a lawful basis for issuance of the search warrant.

2. *Franks hearing.* In support of her claim to probe the factual underpinnings of the affidavit at an evidentiary hearing, the defendant points to two statements of the informer which she asserts are false: first, that Ranfio Peguero could not have been seen by the informer five days before the affidavit was made because Peguero was out of the country; and, second, that the man who is, or at least was, the defendant's husband was known as Ranfis and had never been known as Ranfio. As the trial judge found, neither point rose to the level of knowing and intentional falsehood or reckless disregard of truth which under *Franks* v. *Delaware*, 438 U.S. 154, 171-172 (1978), and *Commonwealth* v. *Corriveau*, 396 Mass. 319, 334 (1985), might provide the occasion for an evidentiary hearing. Ranfio Peguero's claim of absence from the United States prior to March 26, 1986, when he was deported, was based entirely on evidence which the judge was not required to believe. Even if the Ranfio-Ranfis difference were significant, the judge was entitled to believe that the two names, as he put it, "identify the same person." See *Commonwealth* v. *Monteiro*, 396 Mass. 123, 131 (1985); *Commonwealth* v. *Ramos*, 402 Mass. 209, 214-215 (1988). The judgment on indictment No. 86-2393 is affirmed.

*So ordered.*

*John A. Baccari* for the defendant.

*David R. Marks,* Assistant District Attorney (*Michael Fabbri,* Assistant District Attorney, with him) for the Commonwealth.