404 Mass. 53                                                      53

Chief Administrative Justice of the Trial Court *v*. Labor Relations Commission.

CHIEF ADMINISTRATIVE JUSTICE OF THE TRIAL COURT *vs.*
LABOR RELATIONS COMMISSION & another.[1]

Suffolk. October 4, 1988. — February 8, 1989.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Constitutional Law,* Separation of powers, Judiciary. *Labor Relations Commission. Labor,* Unfair labor practice, Judicial relief. *Judge. Judicial Immunity. Supreme Judicial Court,* Superintendence of inferior courts.

The Labor Relations Commission may conduct an adjudicatory hearing, render a decision, and issue any appropriate orders, subject to judicial review, on a probation officer's prohibited practice complaint against the Chief Administrative Justice of the Trial Court, without its action constituting an intrusion by the executive branch of government into the conduct of the judicial branch in violation of art. 30 of the Massachusetts Declaration of Rights. [55-57]

The principle of absolute immunity for judicial acts did not bar the Labor Relations Commission from conducting an adjudicatory hearing, rendering a decision, and issuing any appropriate orders, subject to judicial review, on a probation officer's prohibited practice complaint against the Chief Administrative Justice of the Trial Court. [57-59]

Discussion of circumstances, with reference both to separation of powers and to absolute judicial immunity, in which the judicial branch might assent to a proceeding by the Labor Relations Commission on a prohibited practice complaint against a judge, and the lawful scope of any remedial order the commission might issue. [59-60]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 30, 1988.

The case was reported by *Wilkins,* J.

*Ilene Robinson* for the plaintiff.

*Jean Strauten Driscoll* for Labor Relations Commission.

*Betty A. Gittes (Carol Calliotte* with her) for the intervener.

*James M. Shannon,* Attorney General, *William L. Pardee & Mary C. Connaughton,* Assistant Attorneys General, for the Attorney General, amicus curiae, submitted a brief.

---

[1] James A. Ferraro, intervener.

WILKINS, J. We are concerned here with the question whether the Labor Relations Commission (commission) may conduct a hearing and render a decision on a probation officer's prohibited practice complaint against the Chief Administrative Justice of the Trial Court in the face of his claim that art. 30 of the Massachusetts Declaration of Rights, concerning separation of powers, and principles of absolute judicial immunity bar the commission from proceeding. We conclude that the commission may hold a hearing and render a decision. We largely pass by questions concerning the lawful scope of any order the commission may enter.

In December, 1986, the probation officer, James A. Ferraro, who served in the Newton Division of the District Court Department, filed a complaint with the Commission on Judicial Conduct against the first justice of that court, objecting to the propriety of directions that the judge had given to him and to other probation officers. In October, 1987, Ferraro filed a charge of prohibited practice with the commission. Although the charge was made against the Chief Administrative Justice as "employer" of trial court personnel (see G. L. c. 150E, § 1 [1986 ed.]), Ferraro's complaint to the commission alleged that, since the filing of the complaint with the Commission on Judicial Conduct, the first justice of the Newton District Court or his agents had harassed and retaliated against Ferraro. He alleged that, among other things, the judge had berated him in open court; in March, 1987, the clerk-magistrate had restricted his access to portions of the courthouse; certain cases previously assigned to him had been reassigned to other probation officers; and in September, 1987, the chief probation officer had taken him out of the rotation for courtroom duty and had restricted him to office work. He further alleged a pattern of retaliation because he had exercised his statutory right to file a complaint regarding his working conditions and those of other probation officers at the Newton court.

In April, 1988, the commission issued a complaint of prohibited practice against the Chief Administrative Justice which, as amended, is based largely on circumstances set forth in the complaint Ferraro filed. The amended complaint alleges that

404 Mass. 53    55

Chief Administrative Justice of the Trial Court *v.* Labor Relations Commission.

Ferraro's action in filing the complaint with the Commission on Judicial Conduct was "concerted activity" and that Ferraro's rights under G. L. c. 150E, § 10 (*a*)(1) and (3) (1986 ed.), were violated when retaliatory action was taken against Ferraro by removing him from courtroom duty, limiting him to office duty, and restricting him from certain portions of the courthouse.

The Chief Administrative Justice commenced this action on June 30, 1988, in the Supreme Judicial Court for the county of Suffolk, seeking a determination that the adjudicatory proceeding before the commission should be enjoined. He alleged that the commission proceeding (a) constituted an impermissible intrusion by the executive branch into the conduct of the judicial branch in violation of art. 30 and (b) was brought against a trial court justice as a result of actions allegedly taken by him for which he is absolutely immune from suit. The Chief Administrative Justice also sought a preliminary injunction against the commission barring it from conducting an adjudicatory hearing pending resolution of the case on the merits. The commission voluntarily agreed to stay its proceeding. Ferraro was permitted to intervene as a defendant. A single justice then reserved and reported this case to the full court on the complaint, the defendants' answers, and a statement of agreed facts.

1. We need consider the plaintiff's art. 30 separation of powers argument only as it asserts that the holding of an agency hearing on the complaint and the making of agency findings and rulings would by themselves violate art. 30 principles. Our sole task as to art. 30 is to determine whether separation of powers limitations foreclose the executive branch from holding a hearing and deciding personnel issues arising in the judicial branch of the type involved here.[2]

---

[2] If it were obvious that the commission could in no circumstances issue any constitutionally permissible final order against the plaintiff, there would be little justification for putting the plaintiff through an agency hearing. In the present circumstances, however, the plaintiff has not shown that whatever relief the commission might order would necessarily violate art. 30 principles.

The basic art. 30 question is whether, in conducting a hearing and in deciding the Ferraro matter, the commission would be intruding into the functioning of the courts. See *Opinion of the Justices,* 375 Mass. 795, 813 (1978); *Opinion of the Justices,* 365 Mass. 639, 647 (1974). Any final order the commission may enter will be subject to judicial review (see *Trustees of Forbes Library* v. *Labor Relations Comm'n,* 384 Mass. 559, 568 [1981]), and a judge may stay the effectiveness of that order pending review (G. L. c. 30A, § 14 [3] [1986 ed.]). The availability of appellate review tends to mitigate the force of any claim of an art. 30 violation in the holding of a hearing and in the rendering of a decision. See *Opinion of the Justices,* 375 Mass. at 813-814; *Burnside* v. *Bristol County Bd. of Retirement,* 352 Mass. 481, 483 (1967).

An absolute division of the executive, legislative, and judicial functions is neither possible nor always desirable. *Opinion of the Justices,* 365 Mass. 639, 641 (1974). "[T]he essence of what cannot be tolerated under art. 30" is interference by one department with the functions of another. *Id.* at 642. See *Opinion of the Justices,* 208 Mass. 610, 613 (1911). In *Commonwealth* v. *Jackson,* 369 Mass. 904, 921 (1976), we upheld against an art. 30 challenge a statute mandating a minimum sentence on conviction of a particular crime. We listed certain powers that were inherent in the judiciary (*id.* at 921-922) and concluded that the ability to defer the imposition of sentence was "not necessary to the very existence of a court" and was not an inherent power that could not be restricted or abolished by the Legislature without violating art. 30. *Id.* at 922-923. See *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 373 (1927).

Likewise, a commission hearing and decision would not violate the limitations of art. 30. The commission's action would not intrude on the power essential to the performance of judicial functions, essential to the maintenance of a court's authority, or essential to its capacity to decide cases according to law. *Id. Commonwealth* v. *Jackson, supra.* A requirement that a judge and other judicial department employees participate in an agency hearing involving an alleged violation of a law

applicable to almost all public employers in the Commonwealth lacks that degree of intrusiveness that calls art. 30 into play.[3]

When the commission completes its work, and if the issue should arise, we can then decide whether the commission's decision and order can survive an art. 30 challenge. We point out as a guide to the commission that art. 30 forbids it from interfering with a judge's physical control over his courtroom. "The power of the judiciary to control its own proceedings, the conduct of participants, the actions of officers of the court and the environment of the court is a power absolutely necessary for a court to function effectively and do its job of administering justice." *State* v. *LaFrance,* 124 N.H. 171, 179-180 (1983). If the commission were to conclude that Ferraro's complaint was proven, any remedy requiring the current first justice of the court to permit Ferraro to resume his duties within that judge's courtroom would interfere impermissibly with the judicial function.

2. The plaintiff argues additionally that the principle of absolute immunity for judicial acts bars the commission from conducting an adjudicatory proceeding on the prohibited practices complaint. We do not deal here with a judge's conduct in deciding or otherwise ruling on a case. We deal rather with administrative decisions of a judge or someone else in the judicial department. No possibility of monetary or injunctive relief against a judge personally is involved in the holding of an agency hearing and in the making of an agency decision.

The Supreme Court of the United States, in deciding whether a judge was entitled to absolute immunity in an action brought

---

[3] The plaintiff does not claim that the commission is barred from considering the prohibited practices complaint on the ground that to do so would involve the commission in deciding issues with which the Commission on Judicial Conduct will be involved under Ferraro's complaint to it. Aspects of Ferraro's complaint to the Commission on Judicial Conduct may or may not become part of the contested matters before the commission. To say, as Ferraro does, that the merits of the allegations in his complaint to the Commission on Judicial Conduct will not be determined by the Labor Relations Commission may be technically correct, but, as the Attorney General indicates in his amicus brief, the truth of those allegations might be, although they need not necessarily be, contested issues before the commission.

under 42 U.S.C. § 1983 (1982), recently concluded that a judge who made an administrative decision to terminate a probation officer's employment was not absolutely immune from liability for damages resulting from his unfairly discriminatory conduct. *Forrester* v. *White,* 484 U.S. 219, 224-225 (1988). Absolute immunity was not available to that judge because the asserted improper discrimination concerned his employment decisions and did not concern his judicial or adjudicative decisions. *Id.* at 222. We too have recognized that the availability of absolute immunity in § 1983 cases depends on the nature of the function the official was performing. See *Jordan* v. *Sinsheimer,* 403 Mass. 586, 588-589 (1988).

We have suggested that absolute immunity for public officials under State law would be at least as broad as that available in § 1983 cases. See *Chicopee Lions Club* v. *District Attorney for the Hampden Dist.,* 396 Mass. 244, 251 (1985). The Supreme Court's refusal, however, to recognize absolute judicial immunity in the closely analogous circumstances of the *Forrester* case shows that the plaintiff must rely on the existence of broader absolute immunity under State law than is available under § 1983. That broader absolute immunity would have to go beyond the absolute immunity from liability for a decision made in the due course of administration of justice that we have long recognized (*Pratt* v. *Gardner,* 2 Cush. 63, 70 [1849]) to a newly identified absolute immunity from the consequences of a judge's administrative or nonadjudicatory decisions. It would also have to extend beyond immunity from liability for damages (see *Stump* v. *Sparkman,* 435 U.S. 349 [1978]) and immunity from injunctive relief and liability for attorneys' fees (see *Pulliam* v. *Allen,* 466 U.S. 522, 541-542, 543-544 [1984]),[4] to include absolute immunity from having to testify and to explain one's administrative actions before an administrative agency. We see no basis for extending absolute judicial

---

[4] We have never accepted for State law purposes, nor have we ever been asked to accept, the distinction made in the *Pulliam* case between a judge's absolute immunity from liability for damages when acting in a judicial capacity and a judge's lack of absolute immunity in an action for injunctive relief and attorneys' fees. See *id.* at 545 (Powell, J., dissenting).

immunity so far.[5] We need not decide now whether concepts of judicial immunity will be significant in determining the lawfulness of whatever order the commission may issue. It is enough to say that the plaintiff has demonstrated no basis for enjoining the commission from hearing and deciding the Ferraro matter on grounds of absolute judicial immunity.

3. We conclude with an observation that bears both on separation of powers and on absolute judicial immunity. If a judge by administrative action should retaliate against an employee of the judicial department because that employee in good faith filed a complaint against the judge with the Commission on Judicial Conduct, the employee should have an avenue for seeking relief. If relief is not available through the provisions of a collective bargaining agreement and relief before the Labor Relations Commission were to be barred, the employee might have no readily identifiable form of relief. A further complaint to the Commission on Judicial Conduct might be appropriate, but the relief which that commission may recommend (see G. L. c. 211C, § 8, inserted by St. 1987, c. 656, § 2) does not assure such a complainant of redress from any wrong he has suffered. In such circumstances, this court under its constitutional and statutory powers of superintendence of the courts of the Commonwealth might consider whether it should in fairness provide within the judiciary a duplicate system for dealing with grievances of the sort involved in this case. Faced with that possibility, this court might well conclude that the consensual involvement of an experienced executive department commission in making determinations, subject to judicial review, would not violate art. 30 principles and that no common law absolute judicial immunity would bar that commission from hearing, deciding, and issuing orders in proceedings against the plaintiff under G. L. c. 150E as in all other G. L. c. 150E proceedings.

---

[5] Although the plaintiff states in his brief that a State can interpose a broader scope of judicial immunity than is available under Federal law, he presents no reasoned argument that absolute judicial immunity does in fact bar an agency even from hearing a complaint challenging the lawfulness of a judge's motives in allegedly making certain administrative decisions.

What we have decided in this case differs from what we have just discussed in that (1) the inapplicability of art. 30 as a bar to the commission's hearing and deciding the matter does not rest on the judicial department's assent to the commission's participation and (2) we have not decided whether absolute judicial immunity applies to a judge's administrative functions so as to restrict the scope of any remedial orders the commission may issue.[6]

4. Judgment shall be entered in the county court declaring that neither art. 30 of the Massachusetts Declaration of Rights nor principles of absolute judicial immunity bar the Labor Relations Commission from conducting a hearing, making a decision, and issuing any appropriate orders, subject to judicial review, on its complaint of prohibited practices.

*So ordered.*

---

[6] In order to avoid constitutional issues if possible, the commission may choose, in its discretion, first to address and decide the question whether Ferraro's complaint involves concerted activity, a necessary precondition to the commission's consideration of the substance of the complaint. See G. L. c. 150E, §§ 2, 10 (a)(1) and (3) (1986 ed.).